IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHERRY LYNN KITCHEN,

       Plaintiff,

v.                                              Civil Action No. 5:05CV39
                                                              (STAMP)

DAIRYLAND INSURANCE COMPANY,

       Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO BIFURCATE
AND STAY THE BAD FAITH CLAIMS**

I.  Procedural History

On February 17, 2005, the plaintiff filed a civil action in the Circuit Court of Ohio County, West Virginia that included allegations against the defendant of common law claim misconduct, violations of the West Virginia Unfair Claims Settlement Practices Act, breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of fiduciary duty. The defendant timely removed the case to this Court on the grounds that diversity of citizenship exists and the amount in controversy exceeds $75,000.00. The defendant also filed a counterclaim requesting a declaratory judgment from this Court that the losses alleged by the plaintiff are not covered under the applicable insurance policy.

The defendant now asks this Court to bifurcate and stay the plaintiff's bad faith claims until the question of coverage is decided. The plaintiff has not responded to this motion. Because

this Court finds that bifurcation is appropriate, the defendant's motion is granted.

## II. Facts

In her complaint, the plaintiff alleges that on February 17, 2003, her vehicle was destroyed by fire, causing the plaintiff to sustain injuries and damages. The plaintiff claims that at the time of the fire she was insured under a motor vehicle insurance policy held by the defendant. She alleges that her property damage and losses are covered under the policy, and that she timely reported her claim to the defendant. She claims that she was "wrongfully and repeatedly denied coverage" for her claim. Compl. ¶ 13. She seeks compensatory and punitive damages, attorney's fees, interest, and costs.

## III. Applicable Law

Federal Rule of Civil Procedure 42(b) states in pertinent part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b). It is within a court's discretion to determine whether bifurcation is appropriate under Rule 42(b). Light v. Allstate Ins. Co., 182 F.R.D. 210, 212 (S.D. W. Va. 1998).

IV. Discussion

The defendant argues that bifurcation of the first-party bad faith claims is necessary because "[i]t would be inappropriate, inefficient and prejudicial to allow discovery on the bad faith claims until resolution of the coverage issue." Def.'s Mem. Supp. Mot. Bifurcate at 3. The defendant asserts that the declaratory judgment counterclaim should be decided first because, if no coverage exists, it will be unnecessary for the Court and the parties to continue litigating the bad faith claims. Moreover, the defendant contends that it would be prejudiced if the matter proceeds to a unitary trial, because the elements of bad faith will be presented to a jury at the same time that the jury is asked to decide issues of coverage. The defendant asserts that such a combined presentation could lead to jury confusion.

Upon review, this Court agrees with the defendant that bifurcation and stay of the bad faith claims is necessary. The Supreme Court of Appeals of West Virginia has held that "in furtherance of convenience, economy, or to avoid prejudice, [a court] may bifurcate and stay a first-party bad faith cause of action against an insurer." Light v. Allstate Ins. Co., 203 W. Va. 27, 35 (1998). This Court first finds that judicial economy would be greatly served through bifurcation and stay of the bad faith claims. Resolution of these claims hinges on the determination that the accident was covered under the plaintiff's policy. Thus,

it is in the best interests of the parties and this Court to resolve the question of coverage before proceeding to the bad faith claims. Moreover, there is a strong potential for prejudice to the defendant if the plaintiff is permitted to argue the elements of bad faith to a jury during the same proceeding in which the parties dispute the question of coverage.

The Supreme Court of Appeals of West Virginia has further articulated that "trial courts have discretion in determining whether to stay discovery in a first-party bad faith claim against an insurer that has been bifurcated and stayed." Light, 203 W. Va. at 35. The court further explained:

> Factors trial courts should consider in determining whether to stay discovery when bifurcation has been ordered in a bad faith action include: (1) the number of parties in the case, (2) the complexity of the underlying case against the insurer, (3) whether undue prejudice would result to the insured if discovery is stayed, (4) whether a single jury will ultimately hear both bifurcated cases, (5) whether partial discovery is feasible on the bad faith claim and (6) the burden placed on the trial court by imposing a stay on discovery. The party seeking to stay discovery on the bad faith claim has the burden of proof on the issue.

Id. After considering these factors, this Court finds that a stay of discovery on the bad faith claims is also warranted in the interests of judicial economy. While there are only two parties in the case and the issues are not significantly complex, the initial question of coverage will be resolved more quickly and efficiently if the parties initially pursue discovery on that issue alone. If this Court finds that coverage exists, then the parties can move

4

forward with discovery on the bad faith claims; however, if this Court finds that the accident was not covered under the policy, the parties would not have suffered any wasted effort or expense in discovery of the bad faith claims.

This Court cannot find any undue prejudice that the plaintiff would suffer if discovery is stayed as to the bad faith claims. Moreover, this Court anticipates that the declaratory judgment question will be resolved by dispositive motion, and, therefore, a single jury will not hear both bifurcated cases. In addition, partial discovery does appear to be possible with respect to the bad faith claims, as these claims will involve witnesses and evidence that are not relevant to the coverage question. Finally, imposing a stay on discovery will not create a burden for this Court; on the contrary, this Court would be more greatly burdened if it is required to resolve discovery disputes related to the bad faith claims at the same time that it is attempting to address the coverage question.

Accordingly, this Court finds that the defendant has met its burden of proving that a stay of discovery in the bad faith claims is appropriate.

## V. Conclusion

For the reasons stated above, the defendant's motion to bifurcate and stay the bad faith claims is hereby GRANTED. Discovery regarding the bad faith claims is hereby STAYED until the

declaratory judgment counterclaim is resolved.  The parties are DIRECTED to proceed with discovery on the declaratory judgment counterclaim pursuant to the First Order and Notice Regarding Discovery and Scheduling that was entered in this action on March 29, 2005.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   May 11, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE